## In re KAPLAN.

(District Court, D. Massachusetts.   August 13, 1917.)

No. 22939.

BANKRUPTCY ☞414(3)—DISCHARGE—EVIDENCE.

On a bankrupt's application for discharge, evidence *held* to show that the bankrupt gave false testimony on his examination by creditors, and hence a discharge should be denied.

In Bankruptcy.   In the matter of the bankruptcy of Louis A. Kaplan.   On application for discharge.   Application refused.

George D. Storrs, of Ware, Mass., for bankrupt.

Jacobs & Jacobs, of Boston, Mass., for creditors.

MORTON, District Judge.   This is an application for discharge. The objecting creditors specify in opposition thereto the bankrupt's failure to keep adequate books of account with intent to conceal his financial condition, and false testimony by him on his examination.

The bankrupt opened a store in Ware on March 19, 1915.   He filed a voluntary petition in bankruptcy on December 1, 1915, owing over $16,000, mostly to merchandise creditors.   He had been unable to pay a note for $500 which fell due in August preceding.   Nevertheless, in September, October, and December, he bought, mostly on credit, more than $10,000 worth of goods.   When many of these purchases were made, he knew he was insolvent.

His books were entirely inadequate.   There was no record of the amount of sales, or of money borrowed, or of outstanding notes; and there was no account of the disposition of cash receipts, except as they might be deposited in the bank.   A considerable amount of money was not accounted for.

On his examination the bankrupt again and again replied, "I don't know," "I couldn't say," "I don't remember," to questions concerning matters which had been within his knowledge, which had taken place within a few months before the examination, and which were of such character that entire forgetfulness concerning them all is incredible. More than 60 times during an examination covering fourteen pages of typewriting, the bankrupt made answers of the sort referred to.   In some instances the answers can, perhaps, be justified by the phrasing of the question; but in many others they are obviously untrue.   The inference of an intent to falsify is greatly strengthened by the repetition of such answers to various sorts of questions, such as occurs in this examination.

The Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) extends to insolvent debtors very great benefits; but these are granted upon the assumption that the debtor will honestly perform his duties under the act.   If he fail to do so in any particular on which objections to discharge may be grounded, there should be no hesitation in refusing

the discharge. Few duties imposed by the act are of more practical importance than that to disclose fully to his creditors his transactions immediately preceding the bankruptcy.

Notwithstanding the finding of the learned referee, and the great weight to which it is entitled, I have no doubt that the bankrupt testified falsely on his examination. The finding of the learned referee must be set aside, and the second specification of objection must be sustained. It is unnecessary to consider whether the first specification is also established, and I express no opinion on that point.

Application for discharge refused.